IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| ROBERT RICKMAN, | ) | Cause No. CV 09-00023-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER AND FINDINGS AND |
| | ) | RECOMMENDATIONS OF UNITED |
| DAN O'FALLON, | ) | STATES MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |
| | ) | |

_____

Pending is Petitioner Robert Rickman's petition for writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254 (Document 1) and Motion to Proceed In Forma

Pauperis.  (Document 5).

## A.  MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner requested leave to proceed in forma pauperis pursuant to 28

U.S.C. § 1915.  He submitted a declaration and account statement that make the

showing required by 28 U.S.C. § 1915(a).  Accordingly, Petitioner's motion to

proceed in forma pauperis will be granted.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE –CV-09-00023-H-DWM-RKS / PAGE 1

## B.  PARTIES

Petitioner is a Montana state prisoner representing himself.  He originally named the Montana Attorney General as a Respondent.  On August 11, 2009, Petitioner filed a Notice of Change of Address and Change of Respondent.  This Notice indicated Petitioner was moved to the Great Falls Regional Detention Center during the course of this litigation and therefore Dan O'Fallon was a proper respondent.  The Clerk of Court will be directed to have the docket reflect the addition of Dan O'Fallon.

## C.  PRELIMINARY CONSIDERATION OF HABEAS PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*  "Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible' or 'patently frivolous or false.'" *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison,* 431 U.S. 63, 75-76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977))

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE –CV-09-00023-H-DWM-RKS / PAGE 2

(additional citations omitted).  If summary dismissal is not warranted, the judge

must order the respondent to file an answer, motion, or other response or "to take

other action the judge may order."  Rule 4 of the Rules Governing Section 2254

Cases.

## D.  LEGAL STANDARD FOR EVALUATING MERITS

Mr. Rickman's petition was filed after April 24, 1996, and is therefore

governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.

No. 104-132, 110 Stat. 1214 (AEDPA), 28 U.S.C. § 2254, *Woodford v. Garceau,

538 U.S. 202, 210, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).*  AEDPA "modifies

the role of federal habeas courts in reviewing" habeas petitions.  *Williams v.

Taylor*, 529 U.S. 362, 403 (2000)(O'Connor, J., concurring).  "The Supreme Court

has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating

state-court rulings,' and 'demands that state court decisions be given the benefit of

the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)(citing *Lindh v.

Murphy*, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) and

*Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct 357, 360 (2002)(per curiam)).  Under

AEDPA, habeas relief is proper only if the state court's adjudication of the merits

of a habeas claim "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[1]

"A state court's decision is 'contrary to' federal law if the state court (1)

'applies a rule that contradicts the governing law' set forth in Supreme Court case

authority or (2) applies controlling law to a set of facts that are 'materially

indistinguishable' from a Supreme Court decision but nevertheless reaches a

different result." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir.

2003)(citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). The United States

Supreme Court has clarified that "'clearly established Federal law' in § 2254(d)(1)

'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the

time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 127

S.Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct.

1495, 146 L.Ed.2d 389 (2000)).

---

[1]Following the AEDPA's enactment, 28 U.S.C. § 2254(d) now reads as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to
the judgment of a State court shall not be granted with respect to any claim that was
adjudicated on the merits in State court proceedings unless the adjudication of the claim –
    (1) resulted in a decision that was contrary to, or involved an unreasonable
    application of, clearly established Federal law, as determined by the Supreme
    Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the
    facts in light of the evidence presented in the State court proceeding.

"A state court's decision is an 'unreasonable application' of federal law if it is 'objectively unreasonable,' which 'requires the state court decision to be more than incorrect or erroneous.' Thus, 'an unreasonable application is different from an incorrect one.'" *Ortiz-Sandoval*, 323 F.3d at 1169-1170 (citing *Lockyer*, 538 U.S. at 75 and *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1850 (2002)).

With regard to factual issues, habeas relief can only be granted if the adjudication of the claim resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). "As to more debatable factual determinations, the care with which the state court considered the subject may be important." *Jeffries v. Wood*, 114 F.3d 1484, 1500 (9th Cir. 1997)(en banc) *cert. denied* 522 U.S. 1008 (1997) *overruled on other grounds by Lindh*, 521 U.S. 320. Further, AEDPA directs that factual findings of the state court be granted a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Jeffries*, 114 F.3d at 1499-1500.

Based on the foregoing statutory structure for granting habeas relief, the Court will review the applicable federal law and examine the Montana Supreme Court's decision on Petitioner's claim for relief.

## E.  BACKGROUND

Petitioner's sole allegation is a claim of excessive sentence.  He states all he did was punch the decedent.  The facts as presented by the decision of the Montana Supreme Court on Petitioner's direct appeal are as follows:

> On the evening of December 8, 2006, Rickman and Travis Kirkbride (Kirkbride) drove around Helena, Montana, looking for someone to rob. The two wanted money to purchase marijuana. When they saw the victim, Paul Raftery (Raftery), walking up Lawrence Street, they exited the vehicle and began following him. Raftery noticed they were following him and crossed the street. Rickman approached Raftery and punched him in the face. Raftery yelled for help and attempted to get away, at which point Kirkbride stabbed him in the back with a large hunting knife. Raftery again attempted to get away. This time Rickman tripped him. While Raftery was on the ground bleeding, Rickman took Raftery's wallet. Rickman and Kirkbride returned to their vehicle and fled.
>
> After Rickman and Kirkbride discovered there was nothing of value in Raftery's wallet, they dumped the wallet, the bloody knife, and some bloody clothing in a dumpster. Meanwhile, two citizens heard Raftery's cries for help and called 911. Emergency responders found Raftery unresponsive and bleeding from his back. He was transported to St. Peter's Hospital, but died en route.
>
> Kirkbride was arrested on December 11, 2006. He confessed to killing Raftery, and confirmed Rickman's involvement. Rickman was charged on December 29, 2006, with deliberate homicide under § 45-5-102(1)(b), MCA (commonly known as felony murder). On February 14, 2007, Rickman filed an Acknowledgement of Waiver of Rights and pled guilty to deliberate homicide.
>
> The District Court held a sentencing hearing on April 19, 2007. At

the conclusion of the sentencing hearing, the court sentenced
Rickman to life in prison with no parole eligibility for fifty-five (55)
years, with 128 days of credit for time served.

## F.  ANALYSIS

State sentencing courts must be accorded wide latitude in their decisions as
to punishment.  *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir.1987), cert.
denied, 488 U.S. 926, and cert. denied, 488 U.S. 981 (1988).  Generally, a federal
court may not review a state sentence that is within statutory limits.  *Walker*, 850
F.2d at 476.  The court must defer to the state court's interpretation of state
sentencing laws.  *See Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993).
"Absent a showing of fundamental unfairness, a state court's misapplication of its
own sentencing laws does not justify federal habeas relief."  *Christian v. Rhode*,
41 F.3d 461, 469 (9th Cir. 1994).

A criminal sentence that is not proportionate to the crime for which the
defendant was convicted may amount to cruel and unusual punishment in violation
of the Eighth Amendment.  *See Solem v. Helm*, 463 U.S. 277, 303 (1983).  The
sentence must be extreme and grossly disproportionate to the crime.  *See Harmelin
v. Michigan*, 501 U.S. 957, 996 (1991).  Generally, as long as the sentence does
not exceed the statutory maximum, it will not be overturned on Eighth

Amendment grounds.  *See Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997); *see also United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) ("'[a] sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual.'") (citation omitted).

United States Supreme Court precedent does not support Petitioner's argument of a constitutionally excessive sentence.  *See Hutto v. Davis*, 454 U.S. 370, 372 (1982) ("this Court has never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment"); *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine).  In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court held that a sentence for stealing videotapes that produced a 25-year sentence under the three strikes law did not violate the Eighth Amendment.  The Court held the state court decision was not "contrary to" or an "unreasonable application" of "clearly established" gross disproportionality principle set forth by *Rummel, Solem,* and *Harmelin* and thus did not warrant federal habeas relief.  *Lockyer*, 538 U.S. at 64-65; *see also* 28 U.S.C. § 2254(d)(1) (standard for habeas corpus relief); *Ewing*

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE –CV-09-00023-H-DWM-RKS / PAGE 8

*v. California*, 518 U.S. 123 (2003) (affirming sentence of 25 years to life for stealing three golf clubs that produced a 25-year sentence under three strikes law) (plurality opinion).

The Montana Supreme Court reviewed Petitioner's sentence finding it was within the statutory maximum guidelines and was not so disproportionate to shock the conscience. The Court noted Petitioner pled guilty to deliberate homicide, he and his companion robbed the victim for drug money, and the crime was random making the citizens of Helena feel less safe. Although Petitioner argued his companion actually stabbed the victim, the Court noted Petitioner punched the victim, tripped him after he had been stabbed, and knew his companion carried knives. There was also testimony from Petitioner's expert that he "had a higher than average risk for violent recidivism." *State v. Rickman*, 343 Mont. 120, 183 P.3d 49, 53 (Mont. 2008). The Court held, "given the statistical assessment, Rickman's poor track record at Pine Hills, and the horrific and random nature of the crime, combined with Rickman's role in it all, Rickman's sentence does not shock the conscience. Rickman's sentence does not violate the prohibition against cruel and unusual punishment." *Rickman*, 183 P.3d at 53.

This Court cannot say that the state court's adjudication of the claim

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE –CV-09-00023-H-DWM-RKS / PAGE 9

resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2). Petitioner is not entitled to relief under § 2254.

## G.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *See Hohn v. United States*, 524 U.S. 236, 240 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).  The "substantial showing" standard can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)

(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor." *Jennings v. Woodford*, 290 F.3d 1006 (9th Cir. 2002) (citing *Lambright*, 220 F.3d at 1025).  In addition, a petitioner is not required to establish that he will prevail on the merits.  *Lambright*, 220 F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).  Rather, the COA requirement seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit.  *Lambright*, 220 F.3d at 1025.

The dismissal of Petitioner's habeas petition would not be debatable among jurists of reason and other courts would not and have not resolves these issues in a different manner.  Accordingly, any request for a certificate of appealability should be denied.

Based on the foregoing, the Court issues the following:

## ORDER

1.  Petitioner's Motion to Amend/Correct Respondent (Document 6) is **GRANTED** and the Clerk of Court is directed to add Dan O'Fallon as a respondent in this matter.

2.  Petitioner's Motion to Proceed in forma pauperis (Document 5) is **GRANTED.**   The Clerk of Court shall waive payment of the filing fee.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE –CV-09-00023-H-DWM-RKS / PAGE 11

Further the Court issues the following:

## RECOMMENDATIONS

The petition for writ of habeas corpus should be **DISMISSED** and a

Certificate of Appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS

## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written

objections to this Findings and Recommendations within ten (10) business days of

the date that this Findings and Recommendations is entered as indicated on the

Notice of Electronic Filing.  A district judge will make a de novo determination of

those portions of the Findings and Recommendations to which objection is made.

The district judge may accept, reject, or modify, in whole or in part, the Findings

and Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE**

**COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO**

**DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF**

**THIS CAUSE OF ACTION.**

DATED this 31st day of August, 2009.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge